UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL KING,<br><br>        Plaintiff,<br><br>    v.<br><br>J. LEAHY,<br><br>        Defendant. | No. 1:23-cv-00823-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION<br><br>(ECF No. 9) |

    Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    Plaintiff's complaint in this action was filed on May 26, 2023. (ECF No. 1.)

    On June 1, 2023, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 8.)

    Plaintiff failed to file an amended complaint or otherwise respond to the June 1, 2023 order. Therefore, on July 11, 2023, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 9.) Plaintiff has failed to respond to the order to show cause and the time to do so has now passed. Accordingly, dismissal of the action is warranted.

**I.**

**SCREENING REQUIREMENT**

    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1

1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Individuals proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff told sergeant J. Leahy that he had safety concerns and could not be on the yard. Leahy told Plaintiff to go back and pack his property at which point Plaintiff was assaulted by another inmate.

## III.

## DISCUSSION

**A.    Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect

2

1    to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in
2    any jail, prison, or other correctional facility until such administrative remedies as are available
3    are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a condition precedent to filing a civil rights
4    claim. Woodford v. Ngo, 548 U.S. 81, 93 (2006); see also McKinney v. Carey, 311 F.3d 1198,
5    1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to
6    judgment, but it did not. The actual statute makes exhaustion a precondition to suit." (citations
7    omitted)). The exhaustion requirement "applies to all inmate suits about prison life." Porter v.
8    Nussle, 534 U.S. 516, 532 (2002). Further, the nature of the relief sought by the prisoner or the
9    relief offered by the prison's administrative process is of no consequence. Booth v. Churner, 532
10   U.S. 731, 741 (2001). And, because the PLRA's text and intent requires "proper" exhaustion, a
11   prisoner does not satisfy the PLRA's administrative grievance process if he files an untimely or
12   procedurally defective grievance or appeal. Woodford, 548 U.S. at 93. A prisoner need not plead
13   or prove exhaustion. Instead, it is an affirmative defense that must be proved by defendant. Jones
14   v. Bock, 549 U.S. 199, 211 (2007). A prison's internal grievance process, not the PLRA,
15   determines whether the grievance satisfies the PLRA exhaustion requirement. Id. at 218. However,
16   courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. See Albino
17   v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).

18   Based on the face of the complaint, it appears that Plaintiff may not have exhausted his
19   administrative remedies prior to filing this case.  On the form complaint, Plaintiff acknowledges
20   that there is an administrative remedy process available at California Substance Abuse
21   Treatment Facility and State Prison, but he does not indicate whether he filed a grievance and
22   whether it was exhausted at the highest level of review.  (ECF No. 1 at 3.)  Plaintiff is
23   forewarned that if he commenced this action before exhausting his administrative remedies, the
24   action is subject to dismissal, without prejudice.

25   **B.    Failure to Protect**

26   The Eighth Amendment requires that prison officials take reasonable measures to guarantee
27   the safety of prisoners. Farmer v. Brennan, 511 U.S. at 832. In particular, prison officials have a
28   duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Cortez v. Skol,

1  776 F. 3d 1046, 1050 (9th Cir. 2015); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005);
2  Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 &
3  n.3 (9th Cir. 1980).

4  The failure of prison officials to protect inmates from attacks by other inmates or from
5  dangerous conditions at the prison violates the Eighth Amendment when two requirements are
6  met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is,
7  subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison
8  official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health
9  or safety by failing to take reasonable steps to abate it. Id. at 837.

10  A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials
11  only where the officials acted with "deliberate indifference" to the threat of serious harm or
12  injury to an inmate by another prisoner, Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986);
13  see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately
14  spreading rumor that prisoner is snitch may state claim for violation of right to be protected from
15  violence while in state custody), or by physical conditions at the prison. The official must both
16  be aware of facts from which the inference could be drawn that a substantial risk of serious harm
17  exists, and he must also draw the inference. See Farmer, 511 U.S. at 837. Mere negligent failure
18  to protect an inmate from harm is not actionable under Section 1983. Id. at 835.

19  Here, while Plaintiff may be able to state a cognizable claim for failure to protect, the
20  facts alleged are not sufficient to establish "deliberate indifference" on the part of Defendant
21  Leahy.  Plaintiff alleges only that he advised Leahy of safety concerns on the yard, and Leahy
22  told him to pack up his property.  Simply advising Plaintiff to pack his property does not
23  demonstrate that Defendant Leahy knowingly acted with "deliberate indifference" to Plaintiff's
24  safety.  Accordingly, without further factual detail, the Court cannot find that Plaintiff states a
25  plausible claim for failure to protect.

**IV.**

**FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**

28  Here, the Court screened Plaintiff's complaint, and on June 1, 2023, an order issued

providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 8.) Plaintiff did not file an amended complaint or otherwise respond to the Court's June 1, 2023 order. Therefore, on July 11, 2023, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 9.) Plaintiff failed to respond to the July 11, 2023 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of June 1, 2023 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's June 1, 2023, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 8.) In addition, the Court's July 11, 2023, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for the reasons stated above." (ECF No. 9.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

///

**V.**

**ORDER AND RECOMMENDATION**

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the June 1, 2023 and July 11, 2023 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 4, 2023**

UNITED STATES MAGISTRATE JUDGE