1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11    PAUL KING,                              No.  1:23-cv-00823-KES-SAB (PC)

12              Plaintiff,                     FINDINGS AND RECOMMENDATIONS
                                               RECOMMENDING DEFENDANT'S
13         v.                                  MOTION FOR SUMMARY JUDGMENT BE
                                               GRANTED
14    J. LEAHY,
                                               (ECF No. 38)
15              Defendant.

16

17         Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant

18   to 42 U.S.C. § 1983.

19         Currently before the Court is Defendant Leahy's motion for summary judgment, filed

20   January 7, 2025.

21                                          I.

22                              PROCEDURAL BACKGROUND

23         This action is proceeding against Defendant Leahy for failure to protect in violation of the

24   Eighth Amendment.

25         Defendant filed an answer to the complaint on December 12, 2023.  (ECF No. 25.)  The

26   discovery and scheduling order was issued on January 4, 2024.  (ECF No. 29.)

27         On January 7, 2025, Defendant filed the instant motion for summary judgment.[1]  (ECF

28   _____
     [1] Concurrently with the motion for summary judgment, Defendant served Plaintiff with the requisite notice of the

1    No. 38.)  Plaintiff did not file an opposition and the time to do so has passed.  Local Rule 230(l).

2    Accordingly, Defendant's motion for summary judgment is deemed submitted without oral

3    argument.  <u>Id.</u>

4    **II.**

5    **LEGAL STANDARD**

6    **A.      Summary Judgment Standard**

7    Any party may move for summary judgment, and the Court shall grant summary judgment

8    if the movant shows that there is no genuine dispute as to any material fact and the movant is

9    entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted);

10    <u>Washington Mut. Inc. v. U.S.</u>, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position,

11    whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular

12    parts of materials in the record, including but not limited to depositions, documents, declarations,

13    or discovery; or (2) showing that the materials cited do not establish the presence or absence of a

14    genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.

15    Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the

16    record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); <u>Carmen</u>

17    <u>v. San Francisco Unified Sch. Dist.</u>, 237 F.3d 1026, 1031 (9th Cir. 2001); <u>accord</u> <u>Simmons v.</u>

18    <u>Navajo Cnty., Ariz.</u>, 609 F.3d 1011, 1017 (9th Cir. 2010).

19    In judging the evidence at the summary judgment stage, the Court does not make

20    credibility determinations or weigh conflicting evidence, <u>Soremekun v. Thrifty Payless, Inc.</u>, 509

21    F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all

22    inferences in the light most favorable to the nonmoving party and determine whether a genuine

23    issue of material fact precludes entry of judgment, <u>Comite de Jornaleros de Redondo Beach v.</u>

24    <u>City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation

25    omitted).

26    ///

27

28    requirements for opposing the motion.  <u>Woods v. Carey</u>, 684 F.3d 934, 939-41 (9th Cir. 2012); <u>Rand v. Rowland</u>, 154 F.3d 952, 960-61 (9th Cir. 1998).

In arriving at these Findings and Recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

**III.**

**DISCUSSION**

### A.    Summary of Plaintiff's Complaint

Sergeant J. Leahy did not guarantee Plaintiff's safety as a sergeant on the yard. Plaintiff told Leahy that he could no longer program on the yard due to safety concerns. Plaintiff was supposed to be handcuffed and placed in an isolated cage with his property brought to him. However, Plaintiff was sent back and was assaulted.

### B.    Statement of Undisputed Facts[2]

1. At all relevant times, Plaintiff was an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR). (ECF No. 12.)

2. On May 17, 2022, Plaintiff got into a physical altercation with inmate Mays. (Declaration of G. Nield (Nield Decl.), Ex. A (Pl. Dep.) at 17:12-17:18.)

3. After the altercation with Mays, other inmates, whose names Plaintiff does not know, told him to take responsibility for the altercation with Mays. (Pl. Dep. at 17:23-18:17, 19:7-19:8, 27:1-27:6.)

4. After the altercation with Mays, Plaintiff felt fearful of staying in the facility that he was in because of the requests from inmates that he take responsibility for the Mays' altercation. (Pl. Dep. at 18:19-18:22, 27:1-27:14.)

5. None of the inmates that told him to take responsibility for the Mays' altercation threatened him with physical violence. (Pl. Dep. at 27:25-28:5.)

---

[2] Hereinafter referred to as "UF."

6.      Between the Mays' altercation and May 27, 2022, Plaintiff did not receive any specific threats.  (Pl. Dep. at 18:25-19:3.)

7.      On May 27, 2022, Plaintiff told Sgt. Leahy that he wanted to move to a different facility because he had safety concerns.  (Pl. Dep. at 18:25-19:3, 23:17-23:21.)

8.      During his conversation with Sgt. Leahy on May 27, 2022, Plaintiff did not identify any specific threats or specific inmates that he felt threatened by.  (Pl. Dep. at 22:2-22:9.)

9.      During his conversation with Sgt. Leahy on May 27, 2022, Plaintiff did not tell Sgt. Leahy that there was an imminent threat to his safety.  (Pl. Dep. at 22:2-22:9.)

10.     Sgt. Leahy told Plaintiff that he would ask the Lieutenant to authorize the transfer and directed Plaintiff to go get his personal property.  (Declaration of Leahy (Leahy Decl.) ¶ 4.)

11.     After Sgt. Leahy told Plaintiff to get his property, Plaintiff did not tell Sgt. Leahy he was going to be attacked if he went to get his property.  (Pl. Dep. at 27:15-28:5.)

12.     When Plaintiff was collecting his personal property, he alleges that he was attacked by another inmate named Acron.  (ECF No. 12 at 3; Pl. Dep. at 24:3-24:18.)

13.     Sgt. Leahy did not hold any ill will or malice towards Plaintiff and did not wish to see him harmed.  (Leahy Decl. ¶ 7; Pl. Dep. at 16:8-16:16.)

14.     Prior to May 27, 2022, Sgt. Leahy and Plaintiff had not interacted.  (Leahy Decl. ¶ 7; Pl. Dep. at 15:22-16:2.)

15.     Plaintiff does not contend that Sgt. Leahy held any ill will or malice towards Plaintiff or intended for Plaintiff to be harmed on May 27, 2022.  (Pl. Dep. at 16:8-16:16.)

**C.      Requests for Admission to Plaintiff Deemed Admitted**

Defendant requests that the requests for admission, set one, served on Plaintiff be deemed admitted.  (ECF No. 38 at 6-7.)

Defendant submits that on January 30, 2024, he served requests for admission, set one, on Plaintiff.  (Nield Decl., Ex. B.)  The first page of the requests for admission instructed that Plaintiff's responses were due within 45 days, i.e., on or before March 15, 2024.  (Id. at 2.) Plaintiff did not provide responses to the requests for admission by March 15, 2024. Accordingly, on April 3, 2024, Defendant wrote Plaintiff and advised him that pursuant to

4

1    Federal Rule of Civil Procedure 36(a)(3) his responses were deemed admitted.  (Nield Decl., Ex.

2    C.)

3        Federal Rule of Civil Procedure 36 provides that "[a] matter is admitted" if the party to

4    whom the request is directed does not timely service a "written answer or objection."  Fed. R.

5    Civ. P. 36(a)(3).  Plaintiff did not file a timely response to the requests for admission or request

6    that his admissions be withdrawn.  (Nield Decl. ¶ 7.)  Accordingly, all of the facts in Defendant's

7    requests for admission, set one, are deemed admitted when evaluating the instant motion for

8    summary judgment.

9       **D.**       **Analysis of Defendant's Motion**

10       Defendant argues that Plaintiff cannot establish that he was aware of and intentionally

11    disregarded a risk of substantial harm to Plaintiff.

12       The Eighth Amendment requires that prison officials take reasonable measures to guarantee

13    the safety of prisoners. Farmer v. Brennan, 511 U.S. at 832. In particular, prison officials have a

14    duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Cortez v. Skol,

15    776 F. 3d 1046, 1050 (9th Cir. 2015); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005);

16    Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 &

17    n.3 (9th Cir. 1980).

18       The failure of prison officials to protect inmates from attacks by other inmates or from

19    dangerous conditions at the prison violates the Eighth Amendment when two requirements are

20    met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is,

21    subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison

22    official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health

23    or safety by failing to take reasonable steps to abate it. Id. at 837.

24       A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials

25    only where the officials acted with "deliberate indifference" to the threat of serious harm or injury

26    to an inmate by another prisoner, Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986); see also

27    Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor

28    that prisoner is snitch may state claim for violation of right to be protected from violence while in

1    state custody), or by physical conditions at the prison. The official must both be aware of facts

2    from which the inference could be drawn that a substantial risk of serious harm exists, and he

3    must also draw the inference. See Farmer, 511 U.S. at 837. Mere negligent failure to protect an

4    inmate from harm is not actionable under Section 1983. Id. at 835.

5        Here, it is undisputed that On May 17, 2022, Plaintiff got into a physical altercation with

6    inmate Mays. (UF 2.) After the altercation with Mays, other inmates, whose names Plaintiff

7    does not know, told him to take responsibility for the altercation with Mays. (UF 3.) Thereafter,

8    Plaintiff felt fearful of staying in the facility that he was in because of the requests from inmates

9    that he take responsibility for the Mays' altercation. (UF 4.) None of the inmates that told him to

10   take responsibility for the Mays' altercation threatened him with physical violence. (UF 5.)

11   Between the Mays' altercation and May 27, 2022, Plaintiff did not receive any specific threats.

12   (UF 6.)

13       On May 27, 2022, Plaintiff told Sgt. Leahy that he wanted to move to a different

14   facility because he had safety concerns. (UF 7.) During his conversation with Sgt. Leahy on

15   May 27, 2022, Plaintiff did not identify any specific threats or specific inmates that he felt

16   threatened by and did not tell him there was an imminent threat to his safety. (UF 8-9.)

17   Sgt. Leahy told Plaintiff that he would ask the Lieutenant to authorize the transfer and directed

18   Plaintiff to go get his personal property. (UF 10.) After Sgt. Leahy told Plaintiff to get his

19   property, Plaintiff did not tell Sgt. Leahy he was going to be attacked if he went to get his

20   property. (UF 11.) When Plaintiff was collecting his personal property, he alleges that he was

21   attacked by another inmate named Acron. (UF 12.)

22       Prior to May 27, 2022, Sgt. Leahy and Plaintiff had not interacted. (UF 14.) Plaintiff

23   does not contend that Sgt. Leahy held any ill will or malice towards Plaintiff or intended for

24   Plaintiff to be harmed on May 27, 2022. (UF 15.) Plaintiff has not produced any evidence to

25   demonstrate that Defendant Leahy acted with deliberate indifference to his safety in violation of

26   the Eighth Amendment. Plaintiff acknowledges that the only information he conveyed to Leahy

27   on May 27, 2022, was that he wanted a transfer because he had "safety concerns" and could no

28   longer be on the yard. (Pl. Dep. at 23-24.) This generalized fear consists of conclusory

6

statements that are insufficient to demonstrate that Defendant disregarded an excessive risk to Plaintiff.  Indeed, the threat that Plaintiff communicated to Leahy was nothing more than a mere suspicion that harm might occur at some time. Plaintiff did not provide any details of a specific threat, or identify or describe a specific inmate who may carry out the threat, or that there was a threat of violence.  Accord, Thompson v. Lee, No. 1:07-cv-01299-LJO-GSA-PC, 2015 WL 769683, at *7-8 (E.D. Cal. Feb. 23, 2015) (summary judgment granted where plaintiff-inmate did not communicate a specific fear of harm in relation to his housing with a rival gang member); Schrubb v. Simmons, No. 12-cv-00419-JSW, 2022 WL 3717254, at * 8-9 (N.D. Cal. Aug. 29, 2022) (same).

There is insufficient evidence that Defendant had a subjective suspicion that Plaintiff
would be attacked, beyond "mere suspicion" that an attack could occur, and no reasonable jury
could conclude that Defendant Leahy was deliberately indifferent to Plaintiff's safety needs by
sending him to get his property.  See Berg, 794 F.2d at 460 (stating summary judgment
appropriate as to defendants when plaintiff "failed to come forward with facts showing that these
defendants had any reason to believe he would be attacked by the assailant"); see also Shelton v.
Reinke, No. 3:11-cv-00064-BLW, 2013 WL 1319630, at *9 (D. Idaho Mar. 28, 2013) ("Prison
officials cannot be deliberately indifferent toward a purported substantial risk of harm when
Plaintiff fails to inform them of the risk, despite having numerous opportunities to do so"), aff'd,
585 Fed.Appx. 359 (9th Cir. 2014) (unpublished).

Further, Plaintiff acknowledged that he never indicated he faced an imminent threat of
physical harm on May 27, 2022:

> Q. Okay.  You didn't tell officer Leahy—Sergeant Leahy when you were asking for a transfer, you did not tell him, I know today I'm going to get assaulted; is that a true statement?
>
> A. That is a true statement.  I didn't say I was going to be, but I went to Sergeant Leahy and said, Sergeant Leahy, I can no longer be on this yard.  I have safety concerns.

(Pl. Dep. at 22:2-9.).

///

Moreover, Defendant Leahy could not have been aware of a substantial threat of serious harm to Plaintiff because Plaintiff himself admitted at his deposition there had not been any specific threats between May 17 and May 27, 2022, and he was not aware he would be assaulted on May 27, 2022. (Pl. Dep. at 18:25-19:3; 21:16-25.)  In addition, Defendant Leahy did not ignore Plaintiff's safety concerns and disregard any risk.  After Plaintiff expressed the safety concerns, Leahy told Plaintiff to pack up his belongings and agreed to ask the lieutenant to authorize Plaintiff's transfer.  (UF 10.)  Plaintiff further acknowledged that he never believed that Leahy had any ill-will or malice against him or intended for Plaintiff to be harmed on May 27, 2022.  (Pl. Dep. at 15:22-16:2; 16:8-16:12.)

Lastly, Plaintiff's claim that Defendant Leahy is responsible (and was deliberately indifferent) because he should have handcuffed and placed him in an isolated cage with his property brought to him, is unavailing.  At most, Plaintiff's claim amounts to negligence.[3]  As stated above, there is no evidence from which a reasonable trier of fact could find that Defendant Leahy was aware Plaintiff faced a specific threat of substantial harm if he retried his property on May 27, 2022.[4]  Accordingly, Defendant Leahy is entitled to summary judgment.

**IV.**

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Leahy's motion for summary judgment be granted.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written

---

[3] To the extent Plaintiff claims that Defendant Leahy violated prison rules and/or policies, such claim does not give rise to a cause of action under § 1983. Section 1983 provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996)); Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (nor is there any liability under § 1983 for violating prison policy).

[4] Because the Court finds that Defendant Leahy is entitled to summary judgment on the merits, the Court need not and does not reach the argument for qualified immunity.

1    objections with the Court, limited to 15 pages in length, including exhibits.  The document should

2    be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are

3    advised that failure to file objections within the specified time may result in the waiver of rights

4    on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.

5    Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

6

7

8    IT IS SO ORDERED.

9    Dated:   **May 16, 2025**

      STANLEY A. BOONE
      United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28